

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2002

# Rowe v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1878

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Rowe v. Comm Social Security" (2002). *2002 Decisions.* Paper 733.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/733

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-1878

_____

ELLA HAIRSTON, o/b/o
RAYMONN L. ROWE

v.

JO ANNE B. BARNHART,
Commissioner of Social Security

Raymonn L. Rowe,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 01-cv-1550)
District Judge: Honorable Alan Bloch

Submitted Under Third Circuit LAR 34.1(a)
on October 15, 2002

Before: BECKER, Chief Judge, ROTH
and ROSENN Circuit Judges

(Opinion filed:   November 15, 2002 )

O P I N I O N

ROTH, Circuit Judge:

Ella Hairston o/b/o Raymonn Rowe, a minor, appeals the judgment of the District
Court for the Western District of Pennsylvania, affirming the Commissioner of Social
Security's final decision denying plaintiff's claim for supplemental security income (SSI)
benefits under Subchapter XVI of the Social Security Act, 42 U.S.C.   1381.  Raymonn
Rowe is a minor child, who has been diagnosed with Attention Deficit Hyperactivity
Disorder (ADHD).  Ella Hairston, his mother, requested benefits under the Act and its
applicable provisions.  Hairston contends that the District Court erred in its determination
that the Administrative Law Judge's (ALJ) denial of SSI benefits was supported by
substantial evidence.  In addition, Hairston challenges the ALJ's conclusion that her
statements regarding Raymonn's functional limitations were not entirely credible.

We have appellate jurisdiction pursuant to 28 U.S.C.   1291 to review the district

court's final order. Review of the Commissioner's final decision is limited to determining whether that decision is supported by "substantial evidence." 42 U.S.C. 405(g); Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Overall, the substantial evidence standard is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence." Schaudeck v. Commissioner of Social Security Administration, 181 F.3d 429, 431 (3d Cir. 1999) (citing Monsour, 806 F.2d at 1190-91). For the following reasons, we will affirm the judgment of the District Court.

The final rules for determining minor disability benefits define the statutory standard of "marked and severe limitations" in terms of an impairment that meets, medically equals, or functionally equals the severity of an impairment in the listing. 20 C.F.R. 416.924(d). A child's functional limitations will be evaluated in the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself or himself; and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1)(i)-(vi). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. 416.926a(e)(2). A marked limitation exists when an impairment seriously interferes with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. 416.926a(e)(2).

Hairston claims that Raymonn's limitations are functionally equivalent to a listing under the Act. Substantial evidence exists, however, to show that Raymonn did not have two marked limitations or one extreme limitation in any functional domain. When analyzing the first domain of acquiring and using information, the Commissioner considers how well a child acquires or learns information and how well the child uses that information. 20 C.F.R. 416.926a(g). The ALJ found that Raymonn had mild to moderate, but less than marked limitation of function. We find there is substantial evidence to affirm this. Raymonn achieved average grades with fifty percent special education placement. Also, his tests indicated he fell within the average to low-average range for his age group in reading, mathematics, language, and writing performance. Dr. Pacella had noted that Raymonn had adequate language development and good problem solving abilities, and his school work improved once he was medicated on Adderall.

Second, there is substantial evidence for the ALJ's conclusion that Raymonn had no more than a moderate limitation in his ability to attend and complete tasks. The Commissioner considers how well a child begins, carries through, and finishes his or her activities. 20 C.F.R. 416.926a(h). The record reveals that Raymonn did not have more than a moderate limitation in his ability to attend and complete tasks. Upon starting Ritalin, his activity level improved to a good level, Ms. Kline reported he worked hard and had the ability to pay attention, and Dr. Pacella found no signs of distractability or hyperactivity.

Third, there is substantial evidence to support the ALJ's conclusion that Raymonn did not have more than a moderate limitation in his ability to interact. Once starting Ritalin, his mother stated his aggressive behavior towards his brother decreased, Ms. Kline stated he related well to other children, Dr. Pacella found him to be quiet and cooperative, and during his visit to St. Vincent hospital, he was easily engaged in conversation with the doctor. Raymonn's interactions also improved once he switched to the medication Aderrall. This conclusion is supported by substantial evidence in the record.

Hairston failed to assert a marked limitation in the remaining three domains. We find substantial evidence to support the ALJ's finding that Raymonn did not have a limitation in those domains.

Finally, Hairston argues that the ALJ erred in concluding that her statements did not credibly establish marked and severe limitation of function. There is, however, substantial evidence to support the factual findings of the ALJ. It is for the ALJ to make these findings and to resolve the conflicts in evidence. See Monsour Medical Center, 806 F.2d. at 1190-91. Here, the ALJ did so in favor of the Commissioner.

For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing Opinion.


By the Court,



/s/ Jane R. Roth
        Circuit Judge